Lewis M. Francis (Utah State Bar #6545)
Elizabeth Butler (Utah State Bar # 13658)
JONES, WALDO, HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
Fax:  (801) 328-0537
Attorneys for Plaintiff
Email:  lfrancis@joneswaldo.com
        ebutler@joneswaldo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARRIS RESEARCH, INC., a Utah corporation, | |
| | VERIFIED COMPLAINT |
| Plaintiff, | |
| vs. | Civil No. 1:16-cv-00138-DBP |
| DAVID M. FAIRBROTHER and ELIZABETH T. FAIRBROTHER, individually and doing business as "LIL' RHODY CHEM-DRY" and "LIL' RHODY QUICK-DRY", | Magistrate Judge Dustin B. Pead |
| Defendants. | |

Plaintiff Harris Research, Inc. alleges as follows:

### PARTIES

1.      Plaintiff Harris Research, Inc. ("HRI") is a Utah corporation, with offices in Logan, Utah and Nashville, Tennessee.  HRI is the worldwide franchisor of a carpet cleaning system known as Chem-Dry®, for which HRI owns the registered trademark.  See U.S. Trademark Registration, attached hereto as Exhibit "A".

2. Defendant David M. Fairbrother is an individual residing in the State of Rhode Island.

3. Defendant Elizabeth T. Fairbrother is an individual residing in the State of Rhode Island.

4. Defendants have been doing business under the names "Lil' Rhody Chem-Dry" and "Lil' Rhody Quick-Dry".

5. This action involves violations of the federal Lanham Act, 15 U.S.C. §§ 1051 et seq. Jurisdiction is conferred by 28 U.S.C. § 1331, since this action arises under federal law. This Court also has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims asserted herein occurred in this District, and the parties agreed to venue in this District.

**GENERAL ALLEGATIONS**

7. HRI currently has approximately 2000 Chem-Dry® franchises in the United States and another 1300 worldwide.

8. Defendants entered into five (5) Franchise Agreements with HRI in the year 2009 to operate their "Lil' Rhody Chem-Dry" franchise business in the counties of Kent, Providence, Newport and Washington in the State of Rhode Island (collectively the "Franchise Agreements"). A representative copy of the five Rhode Island Franchise Agreements is attached as Exhibit "B".

9. Pursuant to the Franchise Agreements, Defendants also obtained the following Chem-Dry® equipment for use with their franchise business:

2

    A.    Three (3) PowerHeads (serial ## 82281074; 82024113; and 82253074.

    B.    Three (3) PowerBases (serial ## 1164; 1491; and 1338); and

    C.    Two (2) Velda HCUs (Serial ## 50601414 and 020902920.

(collectively the "Chem-Dry® Equipment")

10. Defendants agreed to use the Chem-Dry® Equipment only in conjunction with providing authorized Chem-Dry® franchise services, and to return the Chem-Dry® Equipment to HRI upon termination of the franchises.

11. Defendants also agreed to a number of other post-termination obligations.

12. In Section 16.B of the Franchise Agreements, Defendants agreed after termination not to "use any Mark, any colorable imitation of a Mark, or other indicia of a CHEM-DRY Business in any manner or for any purpose; or use any trade name, trade or service mark, or other commercial symbol that suggests or indicates a connection or association with HRI".

13. Defendants also agreed to permanently "disconnect, or cause to be disconnected" all telephone numbers used to advertise or to provide the former Chem-Dry® franchise services, and to return all Chem-Dry® equipment to HRI.

14. Pursuant to Section 16.C of the Franchise Agreements, Defendants also agreed to cease using any of HRI's Confidential Information, and to send HRI the franchise Customer Lists.

15. In March 2012, HRI terminated the Franchise Agreements based on Defendants' various breaches, and informed them of the post-termination obligations.

16. In violation of their post-termination obligations, Defendants are using the Chem-Dry® trademark to advertise their competing carpet cleaning services, including on their

1239282.1

websites *http://carpetcleaningri.info/* and htt*p://arearugcleaningri.info/*, print outs of which are attached as Exhibits "C" and "D" (the "Infringing Websites").

17. Defendants are competing in the former franchise areas, using the names "Lil' Rhody Chem-Dry" and "Lil' Rhody Quick Dry".

18. Defendants are continuing to use the telephone numbers used with the former Chem-Dry® franchises to advertise and provide their competing services: (401) 351-9220, (401) 782-0320, (401) 364-1930, and (401) 739-5626 *(*collectively "the Chem-Dry® Franchise Telephone Numbers").

19. Defendants have not returned the Chem-Dry® equipment to HRI, and, on information and belief, are still using it to provide their competing services.

20. HRI has repeatedly notified Defendants that they are infringing HRI's trademarks, engaging in unfair competition, and otherwise breaching the terms of the Franchise Agreements. HRI has also demanded that Defendants cease doing so.

21. However, Defendants have refused and/or failed to cease their improper conduct.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement In Violation of Lanham Act, 15 U.S.C. §§ 1051 <u>et</u> <u>seq</u>.)**

22. Plaintiff incorporates the preceding allegations as though set forth fully herein.

23. Defendants are infringing HRI's trademarks on by using them to advertise their competing carpet cleaning business, and to provide competing carpet cleaning services.

24. Defendants are using HRI's Chem-Dry® trademark on the Infringing Websites.

25. Defendants are also infringing the Chem-Dry® trademark in telephone listings, and/or other advertisements using the Chem-Dry® Franchise Telephone Numbers.

4

26. Because these infringing listings remain in the marketplace, the only way to ensure that the infringement will cease is to disconnect the associated telephone numbers.

27. Defendants are also using the confusingly similar "Quick-Dry" name for their competing business.

28. Defendants' actions violate the provisions of 15 U.S.C. §§ 1114 and/or 1125.

29. HRI is entitled to an injunction requiring Defendants to 1) cease any and all use of its Chem-Dry® trademark, including but not limited to permanently taking down the Infringing Websites, 2) cease all use of the confusingly similar "Quick-Dry" name; 3) return the Chem-Dry® Equipment to HRI; and 4) disconnect, or cause to be disconnected, all of the Chem-Dry® Franchise Telephone Numbers, with no referrals to any other numbers.

WHEREFORE, Plaintiff requests relief as hereafter described in its Prayer for Relief.

## SECOND CLAIM FOR RELIEF
### (Breach of Franchise Agreements)

30. Plaintiff incorporates the preceding allegations as though fully set forth herein.

31. Defendants have breached the Franchise Agreements through their continued use of HRI's trademarks and commercial symbols.

32. Defendants are breaching the Franchise Agreement by using HRI's Chem-Dry® trademark on the Infringing Websites.

33. Defendants are also breaching the Franchise Agreements by using the confusingly similar "Quick-Dry" name for their competing business, which is a colorable imitation of HRI's Chem-Dry® trademark.

34. Defendants have breached the Franchise Agreements by failing or refusing to disconnect the Chem-Dry® Franchise Telephone Numbers.

35. Defendants have breached the Franchise Agreements by failing to return HRI's proprietary PowerHead, PowerBase and Velda HCU equipment.

36. Defendants have breached the Franchise Agreements by continuing to use HRI's Confidential Information, and by failing to return the franchise Customer Lists to HRI.

37. HRI is entitled to an injunction immediately requiring Defendants to 1) cease all use of the HRI's Chem-Dry® trademark, including but not limited to permanently taking down the Infringing Websites, 2) cease all use of the confusingly similar "Quick-Dry" name; 3) return the Chem-Dry® Equipment to HRI, 4) permanently disconnect, or cause to be permanently disconnected, all of the Chem-Dry® Franchise Telephone Numbers, with no referrals to any other numbers; and 5) return the franchise Customer List to HRI.

38. HRI is also entitled to recover its attorney's fees and costs incurred from Defendants, pursuant to Section 17.E of the Franchise Agreements.

WHEREFORE, Plaintiff requests relief as hereafter described in its Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Harris Research, Inc. ("Plaintiff") demands entry of judgment in its favor and against Defendants, both individually and dba "Lil' Rhody Chem-Dry" and "Lil' Rhody Quick-Dry" (collectively "Defendants"), as follows:

A. For an Injunction requiring Defendants to immediately and permanently:

1) Cease any and all use of the Chem-Dry® trademark, including but not limited to any use in advertisements, van markings, invoices, internet or telephone listings;

        2)      Take down the Infringing Websites at *http://carpetcleaningri.info/* and *http://arearugcleaningri.info/* .

        3)      Cease all use of the confusingly similar "Quick-Dry" name, including but not limited to any use in advertisements, van markings, invoices, internet or telephone listings;

        4)      Return to HRI all of the Chem-Dry® Equipment, including

            A.  Three (3) PowerHeads (serial ## 82281074; 82024113; & 82253074.

            B.  Three (3) PowerBases (serial ## 1164; 1491 & 1338); and

            C.  Two (2) Velda HCUs (Serial ## 50601414 & 020902920).

        5)      Permanently disconnect, or cause to be permanently disconnected, the former Chem-Dry® franchise telephone numbers: (401) 351-9220, (401) 782-0320, (401) 364-1930, and (401) 739-5626, with no referral to any other numbers; and

        6)      Send HRI the franchise Customer Lists.

B.      That, pursuant to Federal Rule of Civil Procedure 65(d), said injunction shall also expressly bind Defendants' "officers, agents, servants, employees and attorneys" and "those persons in active concert or participation with them who receive actual notice of the order".

C.      For an award of Plaintiff's attorney's fees and costs incurred; and

D.      For such other or further relief as the Court may deem appropriate.

DATED this __26th__ day of September, 2016.

        JONES WALDO HOLBROOK & McDONOUGH PC


        By: /s/ Lewis M. Francis
          Lewis M. Francis
          Elizabeth Butler
          Attorneys for Plaintiff

## **VERIFICATION**

STATE OF TENNESSEE    )
                                   : ss.
COUNTY OF DAVIDSON  )

    I, Melanie Parker, having been first duly sworn, have read the foregoing Verified Complaint, and do hereby verify that the factual statements contained therein are true, based on my personal knowledge, information, and/or belief, and upon my position as Vice President of Franchise Administration for plaintiff Harris Research, Inc.  I also verify that I believe that the relief requested to be fair and reasonable under the facts of this case, and that I am authorized by Harris Research, Inc. to execute this document upon its behalf.

    DATED this __26th__ day of September, 2016.


                                                      /s/ Melanie Parker
                                                      Melanie Parker

    On the __26th__ day of September, 2016, personally appeared before me Melanie Parker, the signer of the foregoing instrument, who duly acknowledged to me that she executed the same.


                                                      /s/ Jacob Butler
                                                    NOTARY PUBLIC
[NOTARY SEAL]